# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALVIN TRYON HARRIS,

Defendant-Appellant.

UNPUBLISHED
December 21, 2017

No. 334633
Wayne Circuit Court
LC No. 16-002736-01-FH

Before: TALBOT, C.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of third-degree fleeing and eluding a police officer (fleeing and eluding), MCL 257.602a(3), and failure to stop after a collision, MCL 257.620. Defendant was sentenced, as a second habitual offender, MCL 769.10, to 4 to 7½ years' imprisonment for the fleeing and eluding conviction, and 17 days, time served, in the Wayne County Jail for the failure to stop after a collision conviction. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On September 13, 2015 at approximately 3:00 a.m., Harper Woods police effectuated a traffic stop on an orange Dodge Caliber traveling over the speed limit. As the officer approached the vehicle he saw the driver and a female passenger. Within five to eight seconds of making contact with the driver, the driver sped off. Pursuant to Harper Woods Police Department policy, police did not give chase. However, sometime later that morning officers came upon a 2007 red Dodge Caliber that had flipped over onto its roof. When contact was made with the driver of the red Caliber, she told police that an orange vehicle had collided with hers, causing her vehicle to get flipped. She further informed police that the driver of the orange vehicle did not stop.

Police then reviewed the dash camera of the patrol vehicle that had stopped the orange Caliber and made contact with the owner. The owner reported to police that his daughter Vivian Taylor had the vehicle on the night of the accident. The vehicle was parked in the back yard of the owner's home and police took pictures of the damaged vehicle.

-1-

Shortly thereafter police made contact with Taylor who told them that defendant was driving the vehicle on the night of the traffic stop and accident. She told police that she was at a nightclub but became too intoxicated to drive so defendant drove her.[1] She further testified that defendant was driving when police stopped him and he was also driving a short time later when he collided with another vehicle. After the collision, Taylor testified that defendant drove the vehicle to the parking garage at Motor City Casino.

Defendant was convicted and sentenced as indicated above. This appeal then ensued.

## II. ANALYSIS

On appeal, defendant challenges the reasonableness of his sentence of 4 to 7½ years' imprisonment for the fleeing and eluding conviction. Defendant asserts that resentencing is required because the trial court did not articulate any rationale for the upward departure, or extent of the departure, when it more than doubled the minimum guidelines range of 0 to 21 months' imprisonment for defendant's fleeing and eluding conviction.

This Court reviews a sentence that departs from the applicable minimum sentencing guidelines range for reasonableness. *People v Steanhouse*, 500 Mich 453, 459-460; ___ NW2d ___ (2017). This Court reviews the reasonableness of a departure sentence for an abuse of the trial court's discretion. *Id.*; *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017), lv pending (Docket No. 330144). A trial court abuses its discretion if it imposes a sentence that violates the principle of proportionality. *Steanhouse*, 500 Mich at 471. Under this principle, " 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines recommended range.' " *Id.* at 472, quoting *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990).

During defendant's sentencing hearing, the trial court noted that defendant had misrepresented his employment status. Defendant had stated that he was working as an employee of Fiat Chrysler Automobiles at the Jefferson North Assembly Plant at the time of his arrest, and defendant's sentencing hearing was adjourned to verify his employment status. The trial court noted that this verification could "play a role" in determining defendant's sentence. However, Fiat Chrysler Automobiles informed the trial court that defendant's employment had terminated on April 19, 2013. The trial court stated that, in light of this information, it considered defendant to be "pathologically dishonest" and expressed concern about defendant's "history and pattern of conduct . . . with respect to police officers." The trial court noted that defendant had a number of minor traffic offenses, a prior conviction of fleeing and eluding, and a prior conviction of resisting and obstructing a police officer.

On appeal, defendant argues that the trial court articulated no reasoning for the departure or the extent of the departure, and alternatively, that the trial court *did* articulate a reason for the

---

[1] It was unclear from Taylor's testimony and her statements to the police as to where she and defendant were going.

departure, albeit an improper reason: defendant's prior criminal history, which was already accounted for by the sentencing guidelines.

In the sentencing context, a trial court abuses its discretion if it imposes a sentence that is not proportional under the standard set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 471. For a sentence to be reasonable under the principle of proportionality, the sentence should "be proportionate to the seriousness of the circumstances surrounding the offense and the offender" and should "take into account the nature of the offense and the background of the offender." *Steanhouse*, 500 Mich at 474, quoting *Milbourn*, 435 Mich at 636, 651 (quotation marks omitted). "[D]eparture sentences are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing so that the sentence range calculated under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *People v Masroor*, 313 Mich App 358, 374; 880 NW2d 812 (2015), aff'd in part, rev'd in part on other grounds by *Steanhouse*, 500 Mich 453 (quotation marks and citations omitted). "The extent of the departure must also satisfy the principle of proportionality." *Id.*

Contrary to defendant's argument on appeal, the trial court articulated its reasons for the upward departure, which also support its finding for the extent of the departure. Specifically, the trial court expressed concern over defendant's dishonest conduct and continuing pattern of conduct "with respect to police officers."

Defendant argues alternatively on appeal that the trial court's rationale was improper because the sentencing guidelines already accounted for defendant's prior criminal history. Defendant's argument refers to prior record variables (PRV) 2 and 5, and offense variable (OV) 13. PRV 2 involves "prior low severity felony convictions." MCL 777.52(1). The trial court in this case assessed 20 points under PRV 2, which is appropriate if defendant "has three prior low severity felony convictions." MCL 777.52(1)(b). PRV 5 of involves "prior misdemeanor convictions." MCL 777.55(1). The trial court assessed two points under PRV 5, which is appropriate if defendant "has one prior misdemeanor conviction." MCL 777.55(1)(e). The trial court assessed no points under OV 13, which involves a "continuing pattern of criminal behavior." MCL 777.43(1).

The trial court did not base its departure rationale on the number or amount of the crimes defendant committed, but rather, on defendant's dishonest conduct and his continuing pattern of conduct "with respect to police officers." Neither PRV 2 nor PRV 5 accounts for a pattern of conduct that is dishonest and oppositional to police officers. Nor does OV 13 address this specific concern articulated by the trial court because OV 13 is limited to "a continuing pattern of criminal behavior." MCL 777.43(1).

The trial court listened to all the testimony elicited during trial and questioned defendant prior to imposing sentencing. The trial court properly weighed the seriousness of the offense and the background of defendant, thereby adhering to the test articulated by the United States Supreme Court for proportionately over 100 years ago. See, *Weems v United States*, 217 US 349, 367; 30 S Ct 544; 54 L Ed 793 (1910), holding, " . . . a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come

before the court for sentence. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender." See also, *Milbourn*, 435 Mich at 65. The trial court having made those findings in this matter, we hold that the trial court's decision to depart upward from defendant's recommended guidelines range was proportionate to the seriousness of the circumstances surrounding the offense and the offender.

Affirmed.

/s/ Michael J. Talbot
/s/ Stephen L. Borrello
/s/ Michael J. Riordan